ALB:MRM
F# 2017R01349

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   SEP 07 2017   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

DANIEL MULLAN,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

INDICTMENT

Cr. No. **CR 17 495**
(T. 18, U.S.C., §§ 2251(a), 2251(d),
2252(a)(4)(B), 2252(b)(2), 2253(a),
2253(b), 2423(a), 2427, 2428 and 3551
et seq.; T. 21, U.S.C., § 853(p))

**SPATT, J.**
**BROWN, M. J.**

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Sexual Exploitation of a Child)

    1.    In or about and between January 1999 and December 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DANIEL MULLAN did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: John Doe #1, a minor individual whose identity is known to the Grand Jury, to engage in sexually explicit conduct, for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit: one or more cameras, cassette tapes, videotapes and DVDs.

    (Title 18, United States Code, Sections 2251(a), 2251(d) and 3551 et seq.)

## COUNT TWO
(Transportation of a Minor with Intent to Engage in Sexual Activity)

2.      In or about December 1999, within the Eastern District of New York and elsewhere, the defendant DANIEL MULLAN did knowingly and intentionally transport an individual who had not yet attained the age of 18 years, to wit: John Doe #1, in interstate and foreign commerce, with the intent that the individual engage in sexual activity for which any person can be charged with a criminal offense, to wit: promoting a sexual performance by a child less than seventeen years of age, in violation of New York Penal Law Section 263.15.

(Title 18, United States Code, Sections 2423(a), 2427 and 3551 et seq.)

## COUNT THREE
(Possession of Child Pornography)

3.      On or about and between January 17, 2014 and August 17, 2017, both dates being approximate and inclusive, within the Eastern District of New York, the defendant DANIEL MULLAN did knowingly and intentionally possess matter containing one or more visual depictions, to wit: photographs, videotapes, cassette tapes, films, and images and videos in digital files contained on hard drives, floppy discs, CD-ROMS, compact discs and DVDs, seized on or about August 17, 2017 from Melville, New York, in and affecting interstate and foreign commerce, and which visual depictions had been mailed, and shipped and transported using a means and facility of interstate and foreign commerce, and which were produced using materials which had been mailed, and so shipped and transported by any means including computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions were of such conduct.

(Title 18, United States Code, Sections 2252(a)(4)(B), 2252(b)(2) and 3551 et seq.)

## COUNT FOUR
(Possession of Child Pornography)

4. On or about and between January 17, 2014 and June 15, 2017, both dates being approximate and inclusive, within the Eastern District of New York, the defendant DANIEL MULLAN did knowingly and intentionally possess matter containing one or more visual depictions, to wit: photographs, videotapes, cassette tapes, films, and images and videos in digital files contained on hard drives, floppy discs, CD-ROMS, compact discs and DVDs, seized on or about June 15, 2017 from Elmont, New York, in and affecting interstate and foreign commerce, and which visual depictions had been mailed, and shipped and transported using a means and facility of interstate and foreign commerce, and which were produced using materials which had been mailed, and so shipped and transported by any means including computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions were of such conduct.

(Title 18, United States Code, Sections 2252(a)(4)(B), 2252(b)(2) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE, THREE AND FOUR

5. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts One, Three and Four, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2253(a), which requires the forfeiture of (a) any visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Title 18 of the United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such sections; (b) any property, real or personal, constituting, or traceable to, gross profits or other proceeds obtained from such offenses; and (c) any property,

real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property, including but not limited to: (i) one Compaq desktop computer with serial number 1X8ABX38L2XJ; (ii) one Sony Vaio desktop computer with serial number XQQY3-GYVHD-J2H6Y-QB8C7-F7VBQ; (iii) two Sony Vaio laptops with serial numbers 282000373808087 and 275232757001126; (iv) one HP laptop with serial number CNU9194DKC; (v) one Sony Vaio laptop with service tag number C1006y6m; (vi) one Macbook Air laptop; (vii) one Sony Notebook Computer with serial number 283065303102381; (viii) one Sony Laptop with serial number 282760787000299; (ix) one Sony Laptop with serial number 282000373898229; (x) one WD HD enclosure with serial number WU2U10077719; (xi) five WD hard drives with serial numbers WNT1904132192, WXB0A9925022, WXNY08NCA164, WXB0C99C4278 and WDXB1600JBRNN; (xii) three Handy Dreve hard drives with serial numbers 10005863A, 10006065A and 10005934A; (xiii) one Adaptec hard drive with serial number 0502950; (xiv) one Maxtor hard drive with serial number Y63BWD6E; (xv) one US Logic hard drive with serial number A0205711; (xvi) two DataStor hard drives; (xvii) one Sony Microvault hard drive; (xviii) two NexStar hard drives; (xix) one Smart Drive hard drive; (xx) one Lacie hard drive; (xxi) two IBM hard drives; (xxii) one Travel flash hard drive; (xxiii) one Unknown brand "certified Hi-Speed USB 2.0 Hard Disk"; (xxiv) two Pentax Movie 8 video cameras with serial numbers 70107837 and 20300626; (xxv) one Minolta X-700 Camera; (xxvi) numerous boxes of reel to reel tapes, Beta tapes, VHS tapes, 8mm tapes, mini tapes, floppy disks, zip drives, CDs, DVDs, SD cards and thumb drives and (xxvii) the real property and premises located at 142 Wellington Road, Floral Park, New York 11003, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings,

designated as District 282089, Section 32, Block 391 and Lot 30-32 on the Nassau County Tax Map, and all proceeds traceable thereto.

   6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

   (Title 18, United States Code, Sections 2253(a) and 2253(b); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE
ALLEGATION AS TO COUNT TWO

   7. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2428(a), which requires the forfeiture of (a) any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offense; and (b) any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offense, including but not limited to:

(i) one Compaq desktop computer with serial number 1X8ABX38L2XJ; (ii) one Sony Vaio desktop computer with serial number XQQY3-GYVHD-J2H6Y-QB8C7-F7VBQ; (iii) two Sony Vaio laptops with serial numbers 282000373808087 and 275232757001126; (iv) one HP laptop with serial number CNU9194DKC; (v) one Sony Vaio laptop with service tag number C1006y6m; (vi) one Macbook Air laptop; (vii) one Sony Notebook Computer with serial number 283065303102381; (viii) one Sony Laptop with serial number 282760787000299; (ix) one Sony Laptop with serial number 282000373898229; (x) one WD HD enclosure with serial number WU2U10077719; (xi) five WD hard drives with serial numbers WNT1904132192, WXB0A9925022, WXNY08NCA164, WXB0C99C4278 and WDXB1600JBRNN; (xii) three Handy Dreve hard drives with serial numbers 10005863A, 10006065A and 10005934A; (xiii) one Adaptec hard drive with serial number 0502950; (xiv) one Maxtor hard drive with serial number Y63BWD6E; (xv) one US Logic hard drive with serial number A0205711; (xvi) two DataStor hard drives; (xvii) one Sony Microvault hard drive; (xviii) two NexStar hard drives; (xix) one Smart Drive hard drive; (xx) one Lacie hard drive; (xxi) two IBM hard drives; (xxii) one Travel flash hard drive; (xxiii) one Unknown brand "certified Hi-Speed USB 2.0 Hard Disk"; (xxiv) two Pentax Movie 8 video cameras with serial numbers 70107837 and 20300626; (xxv) one Minolta X-700 Camera; (xxvi) numerous boxes of reel to reel tapes, Beta tapes, VHS tapes, 8mm tapes, mini tapes, floppy disks, zip drives, CDs, DVDs, SD cards and thumb drives and (xxvii) the real property and premises located at 142 Wellington Road, Floral Park, New York 11003, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings, designated as District 282089, Section 32, Block 391 and Lot 30-32 on the Nassau County Tax Map, and all proceeds traceable thereto.

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 2428; Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
BRIDGET M. ROHDE
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. # 2017R01349
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*DANIEL MULLAN,*

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 2251(a), 2251(d), 2252(a)(4)(B), 2252(b)(2), 2253(a), 2253(b), 2423(a), 2427, 2428 and 3551 et seq.; T. 21, U.S.C., § 853(p)).)

*A true bill.*

_____ *Nadia Reyisford* _____
*Foreperson*

*Filed in open court this* _____ *day,*
*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

*Michael R. Maffei, Assistant U.S. Attorney (631) 715-7890*