

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

ALB:MRM
F. #2017R01349

*610 Federal Plaza*
*Central Islip, New York 11722*

August 15, 2019

By Hand and ECF

The Honorable A. Kathleen Tomlinson
United States Magistrate Judge
Eastern District of New York
910 Federal Plaza
Central Islip, New York 11722

Re: United States v. Daniel Mullan
Criminal No. 17-495 (ADS) (GRB)

Dear Judge Tomlinson:

The government submits this letter in advance of the arraignment scheduled in this case on August 16, 2019 at 3:00 p.m. For the reasons stated below, the government requests that the defendant Daniel Mullan be permanently detained before trial because he represents a serious danger to the community and because he is a significant flight risk.

A. Legal Standard

The defendant is charged by indictment with one count of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), one count of transportation of a minor with intent to engage in sexual activity, in violation of 18 U.S.C. § 2423(a), and two counts of possession of child pornography, in violation of 18 § 2252(a)(4)(B). Several of these counts carry a statutory presumption under the Bail Reform Act, 18 U.S.C. § 3141, et seq., that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." See 18 U.S.C. § 3142(e)(3)(E) (presumption for offenses involving minor victims under 18 U.S.C. §§ 2251 and 2423).

In order to rebut this statutory presumption, the defendant must come "forward with evidence that he does not pose a danger to the community or a risk of flight." United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001) (per curiam). If this limited burden of production is satisfied, the government retains the burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community and by a preponderance of evidence that the defendant presents a risk of flight. Id.

To determine whether the presumptions of dangerousness and flight are rebutted by a defendant, the Court must consider:

> (1) the nature and circumstances of the offense charged, including whether the offense … involves a minor victim;
> (2) the weight of the evidence against the defendant;
> (3) the history and characteristics of the defendant, including family ties, employment, financial resources, community ties, drug or alcohol abuse history and past conduct; and
> (4) the nature and seriousness of the danger to the community or to an individual that would be posed by release.

18 U.S.C. § 3142(g). Even if a defendant has met his burden of production relating to danger to the community and risk of flight, the presumption in favor of detention does not disappear entirely, but remains a factor for the court to consider. Mercedes, 254 F.3d at 436.

B. The Defendant Is a Danger to the Community

The nature and the circumstances of the charged offenses demonstrate overwhelmingly that the defendant is a danger to the community and minor children. Furthermore, the government's evidence, even if the defendant can rebut the presumption of dangerousness provided for in 18 U.S.C. § 3142(e)(3)(E), establishes, by clear and convincing evidence that the defendant is a danger to the community.

The defendant is currently charged with sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), transportation of a minor with intent to engage in sexual activity, in violation of 18 U.S.C. § 2423(a) and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Each of these charges involve minor victims. In this case, the defendant transported a minor victim, John Doe #1, who was in his early teens at the time, across the United States and even to foreign countries for the purpose of creating child pornography involving John Doe #1 for the defendant's own use and to sell to others. The child pornography which the defendant created using involved adults having sex with minors. The defendant's possession of child pornography involved vast collections of thousands of images and videos of child pornography created over decades. Indeed, the defendant's collection of child pornography was so large, that the defendant not only stored it in his Nassau County residence, but also in a storage unit which he had rented at a facility in Melville, New York.

Turning to the weight of the evidence against the defendant, to call the weight of the government's evidence against the defendant overwhelming, in this case, would be an understatement. In 2017 following a report to law enforcement, law enforcement obtained

and executed search warrants on the defendant's residence in Nassau County and his rented storage unit in Melville, where law enforcement found large collections of child pornography as well as equipment that was used to produce some of the child pornography recovered. The collection of child pornography was massive, including hundreds of images and videos. Numerous images and videos recovered by law enforcement were not only created by the defendant, but also featured the defendant himself having sex with young, minor boys, including John Doe #1, dating back to the early 1980s.[1] Many of the individuals depicted have been identified and interviewed by law enforcement and have confirmed that Mullan had in fact sexually abused them and recorded it. Further, members of law enforcement who executed the search of the defendant's residence and subsequently reviewed the child pornography featuring the defendant were able to determine that many of the items were filmed in the defendant's residence.

The defendant's history and characteristics also demonstrate clearly that he is a danger to the community. The defendant has prior convictions in Ireland for crimes committed against a minor victim. In 2014, the defendant, who holds citizenship in the United States and Ireland, was extradited from the United States to Ireland to answer for charges related to sexual assault and the production of child pornography committed in Ireland between 2000 and 2005. In 2016, the defendant pled guilty to ten offenses in Ireland which included four counts of sexual assault, two counts of attempted buggery, two counts of production of child pornography and two counts of possession of child pornography. In addition to his prior convictions for similar criminal conduct, the defendant also has financial resources which he has employed in the past in an attempt to conceal his crimes and bribe at least one his victims. Information provided to law enforcement by one of the defendant's victims led law enforcement to obtain a search warrant for a safe deposit box where the defendant had stashed "hush money" for the victim. When law enforcement executed the search warrant, they located in excess of $300,000 in United States currency in envelopes bearing the name of banks in the Middle East.

Finally, the danger that the defendant would pose to the community if released is very serious. The defendant has personally engaged in the sexual exploitation of numerous minors and raped several minor boys on video. The defendant has engaged in such conduct in Ireland, where he was previously convicted for sex offenses as outlined above, and here in the Eastern District of New York, at his residence in Nassau County as

[1] Examples of these images and videos are available for the Court's review, upon request.

demonstrated by the overwhelming evidence in this case. There is no condition or combination of conditions that will reasonably assure the safety of the community.

C. The Defendant Presents a Serious Risk of Flight

The defendant also poses a significant risk of flight if released. The defendant is currently charged, amongst other charges, with the sexual exploitation of a minor, an offense, under the applicable statute, that carries a statutory minimum of ten years' imprisonment and a statutory maximum of twenty years. 18 U.S.C. § 2251(a). The Second Circuit has held that the possibility of a severe sentence is an important factor in assessing flight risk. See United States v. Jackson, 823 F.2d 4, 7 (2d Cir. 1987); United States v. Cisneros, 328 F.3d 610, 618 (10th Cir. 2003) (defendant was a flight risk because her knowledge of the seriousness of the charges against her gave her a strong incentive to abscond); United States v. Townsend, 897 F.2d 989, 995 (9th Cir. 1990) ("Facing the much graver penalties possible under the present indictment, the defendants have an even greater incentive to consider flight.").

Additionally, the defendant has already demonstrated, in this case, that he is a risk of flight. Prior to his scheduled release from his five year prison term in Ireland for the sexual abuse, child pornography and attempted buggery charges in October of 2017, the defendant became aware of the instant investigation and the FBI search of his residence in the Eastern District of New York. Shortly before the defendant's release, the United States lodged the request for the defendant's extradition. The FBI was subsequently informed by Irish law enforcement that the defendant had a flight booked to Dubai, in the United Arab Emirates or "U.A.E." for the date of his release. There is currently no extradition treaty between the United States and the U.A.E. In an affidavit (hereinafter "Mullan's Affidavit") filed by Mullan in connection with his request for bail in Ireland (which was denied), Mullan claims that the individual who booked his ticket for him must have mistaken Dubai for New York or Dublin.[2]

Clearly, the defendant has already made one attempt to avoid prosecution in this case by planning travel to a non-extradition country. Furthermore, as demonstrated above, the defendant had access to large sums of cash in one safe deposit box and may have access to others. Finally, the defendant who is 80 years-old has a tremendous incentive to flee as he faces a mandatory minimum of ten years' imprisonment if convicted. The evidence clearly establishes by a preponderance of evidence that the defendant presents a risk of flight Therefore, the government respectfully submits that there is no condition or combination of conditions will reasonably assure the appearance of the person as required.

[2] A copy of the defendant's affidavit filed in connection with the defendant's bail application in Ireland is available for the Court's review, upon request.

D. The Defendant Presents a Serious Risk that He will Attempt to Obstruct Justice

In addition to being an extreme danger to the community and posing a tremendous risk of flight, the defendant, through his own words to the Irish court presiding over his extradition proceeding, made clear that he would attempt to tamper with witnesses if released. In Mullan's Affidavit the defendant stated, "I say if I am admitted to bail I will contact the alleged injured party who I believe I know the identity of to straighten this matter out. I say I will not be able to do that if remanded in custody. I say I strongly suspect the injured party is looking for money. I say I believe if given the opportunity I can settle this matter and persuade the alleged injured party of the error of their ways." Mullan's Affidavit at ¶ 23.

This statement by the defendant make plain that if released, it is his intention to attempt to contact an individual he believes to be a victim in this case and attempt to try to "pay them off" or persuade them not to cooperate with law enforcement any longer. This blatant declaration of an intention to obstruct justice calls for the defendant to be remanded pending trial.

E. Conclusion

For the reasons set forth above, the defendant poses a serious danger to the community if released pending trial, and no combination of bail conditions will ensure the safety of the community and the defendant's continued appearance before the Court. Further the defendant has demonstrated that there is a substantial likelihood that he will attempt to obstruct justice if release or granted bail. Therefore the government respectfully requests that the Court enter a permanent order of detention to ensure the safety of the community and guarantee the defendant's continued appearance before the Court as required.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: /s/ Michael R. Maffei
Michael R. Maffei
Assistant U.S. Attorney
(631) 715-7890

cc: Counsel to the Defendant (by ECF)