FILED
CLERK

7/21/2020 8:16 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X **Docket#**
UNITED STATES OF AMERICA,          : 17-cr-00495-ADS-SIL-1
                                   :
       - versus -                  : U.S. Courthouse
                                   : Central Islip, New York
                                   :
DANIEL MULLAN,                     : June 17, 2020
              Defendant            : 12:30 PM
------------------------------X


TRANSCRIPT OF CRIMINAL CAUSE
FOR TELEPHONE STATUS CONFERENCE
BEFORE THE HONORABLE STEVEN I. LOCKE
UNITED STATES MAGISTRATE JUDGE

**A    P    P    E    A    R    A    N    C    E    S:**


**For the Government**:          **Richard P. Donoghue, Esq.**
                               United States Attorney

                         BY:   **Michael R. Maffei, Esq.**
                               Assistant U.S. Attorney
                               100 Federal Plaza
                               Central Islip, NY 11722

**For the Defendant**:           **Nancy Lynn Bartling, Esq.**
                               LaRusso & Conway, LLP
                               300 Old Country Road
                               Suite 341
                               Mineola, NY 11501



**Transcription Service**:       **Transcriptions Plus II, Inc.**
                               61 Beatrice Avenue
                               West Islip, New York 11795
                               laferrara44@gmail.com




Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

                                                              2
                        Proceedings

1

2          THE CLERK:  Calling case 17-cr-0495, United

3    States v. Daniel Mullan.

4          Counsel, please state your appearance.

5          MR. MAFFEI:  Assistant United States Attorney

6    Michael Maffei for the government.

7          Good afternoon.

8          THE COURT:  Good afternoon.

9          MS. BARTLING:  Good afternoon, your Honor.

10         For Mr. Mullan, Nancy Bartling.

11         THE COURT:  Good afternoon.  All right.

12         I think we're just here for a status

13    conference; is that right?

14         MR. MAFFEI:  That is correct, your Honor.  We

15    had been scheduled to appear on Monday, the 15th for a

16    status before Judge Spatt.  Obviously, given Judge

17    Spatt's passing, we are unable to do that, and I want to

18    extend my condolences to the Court for obviously a loss

19    of one of its more distinguished jurists.

20         But I do appreciate your Honor being able to

21    accommodate us on short notice because we did have some

22    issues related to Mr. Mullan's case that we did think was

23    just better to put on the record.

24         THE COURT:  Okay.  Well, I appreciate the

25    condolences.  Certainly, let's lay out what you need.  My

3

                    Proceedings

1    understanding is under the most recent Administrative

2    Order, speedy trial is waived until 2020.

3              Before we get started though, Mr. Mullan, are

4    you on the phone?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  Okay.

7              THE DEFENDANT:  Yes.

8              THE COURT:  Mr. Mullan, I want to make sure

9    that you've had a chance to speak with your counsel, and

10   that you are consenting to proceed by phone rather than

11   video or in person.

12             Have you had a chance to speak with your lawyer

13   about this?

14             THE DEFENDANT:  She told me what was today --

15   yeah, she called -- she told me some of it.  I don't know

16   all of it, but yes.

17             THE COURT:  Okay.  Well, do you want to speak

18   with your lawyer about this some more, and then we can

19   get back on the phone later or --

20             MS. BARTLING:  Dan --

21             THE COURT:  -- are you prepared to proceed by

22   phone?

23             THE DEFENDANT:  Well --

24             MS. BARTLING:  -- are you okay appearing by

25   phone for this conversation, Dan?

4

Proceedings

1          THE DEFENDANT:  Yeah, yeah.

2          MS. BARTLING:  Remember, I just explained to

3  you --

4          THE DEFENDANT:  That's fine.

5          MS. BARTLING:  -- it's just to waive the speedy

6  trial time.

7          THE DEFENDANT:  This is fine.  I'm okay.

8          MS. BARTLING:  Are you okay with that for this

9  call?

10          THE DEFENDANT:  For the call, yes.

11          MS. BARTLING:  Okay.

12          THE COURT:  Okay.  All right.  Let's proceed.

13  Before we get to the speedy trial, does everyone -- first

14  of all, actually with respect to speedy trial, is

15  everybody on the same page that Administrative Order

16  2020-20 waives speedy trial under September 14th --

17          MR. MAFFEI:  Yes, your Honor.

18          THE COURT:  Under 506?

19          MS. BARTLING:  Yes, your Honor.

20          THE COURT:  Okay.  Ms. -- all right, so we're

21  on the same page as that, and I certainly agree with

22  everything in the order, given the emergency that we're

23  all facing, it's appropriate for speedy trial to be

24  waived.

25          Let me ask Mr. Mullan a couple of questions in

5

                    Proceedings

1    this regard.  Mr. Mullan, do you understand that in

2    ordinary circumstances, you have a right to have a trial,

3    or have this matter disposed of within 70 days of your

4    indictment?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Do you understand that?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Okay.  And what we're doing today,

9    really I guess all it appears is all sides are making an

10   application to extend that period of time, so that the

11   time from today, June 16th until September 14th, does not

12   count against those 70 days; do you understand that?

13             THE DEFENDANT:  Yeah, yes, yes.

14             THE COURT:  Okay.  And have you had a chance to

15   speak with your lawyer about this?

16             MS. BARTLING:  Do you understand that, Dan?

17   This is the same waiver we've been signing --

18             THE DEFENDANT:  Right.

19             MS. BARTLING:  -- the last time before Judge

20   Spatt.  Do you understand?

21             THE DEFENDANT:  But I haven't spoke to you yet.

22             MS. BARTLING:  Regard -- this is regarding --

23   again, Dan, I don't want to talk to you about your case

24   but remember --

25             THE DEFENDANT:  Yes.

6

Proceedings

1           MS. BARTLING:  -- this is regarding the speedy

2    trial that we've been signing since obviously we can't

3    proceed to trial under the circumstances right now --

4           THE DEFENDANT:  Right, okay.

5           MS. BARTLING:  -- and you're just explaining to

6    the judge just that you're okay with signing a waiver,

7    and not proceeding to a trial right now because in

8    effect, there's also an executive order stopping that

9    from happening right now based on the COVID-19 situation.

10          THE DEFENDANT:  Okay.

11          MS. BARTLING:  Do you understand that?

12          THE DEFENDANT:  Yeah, fine.  Okay.  Go ahead.

13   Yes.

14          THE COURT:  Okay.  So do you understand that

15   then you and the government are making an application to

16   extend that period of time?

17          THE DEFENDANT:  Yes.

18          THE COURT:  So that -- okay.  All right.  And I

19   don't have a proposed order to that effect, but that's

20   okay under the circumstances, and I find that the

21   extension of time certainly serves intended interest of

22   justice but given the nature of things in the executive

23   order, we're going to order the speedy trial be waived

24   from today until September 14th.

25          Now Mr. Maffei suggested that there are other

7

Proceedings

1    issues we should get on the record and that sounds to me,

2    so let's do it.  What do we got to talk about?

3            MR. MAFFEI:  So your Honor, it's more of a just

4    -- it sort of dovetails a little into the speedy trial

5    exclusion as well.

6            THE DEFENDANT:  Okay.

7            MR. MAFFEI:  Back when the case was pending

8    before Judge Spatt, there was essentially a joint

9    application between defense counsel and myself, for a

10   competency exam for Mr. Mullan.  During the pendency of

11   the COVID-19 pandemic, it became very clear that BOP was

12   not going to be able to accommodate Mr. Mullan for that

13   exam because the Court may not be aware, Mr. Mullan is, I

14   believe eighty-years-old and due to some physical

15   conditions, and not being housed at the MDC, or at a

16   hospital at this point, but is in a long-term nursing

17   care center in the Bronx.

18           So what we went back to Judge Spatt

19   approximately, I want to say it was early May, and we

20   sought an additional order for a competency exam naming a

21   specific service provider that the parties agreed upon,

22   who was willing to go do that examination, and then under

23   the circumstances, was willing to go to the nursing home

24   in the Bronx and take all the necessary COVID

25   precautions, and then conduct the examination.

8

Proceedings

1          I have informed Ms. Bartling that I was

2   informed by the medical health professional that they

3   were able to compete the examination, and that they are

4   in the process of preparing their report as to whether or

5   not Mr. Mullan is competent to stand trial, and we do

6   anticipate getting that report hopefully in the next two

7   to three weeks, and so I think there's also a statutory

8   exclusion due to the ongoing competency proceedings, but

9   I did just want to put that on the record in light of

10  sort of everything that's going on.

11          THE COURT:  Well --

12          MR. MAFFEI:  Other than that I would just ask

13  the Court's permission perhaps to advance the case from

14  the September 14th date, to a date set by a district

15  court judge, once we have the matter reassigned to a

16  district court judge, just again to sort of bring them

17  up-to-speed, but I did just want to make sure that these

18  items were sort of placed on the record because we were

19  sort of in a position where we to report back to Judge

20  Spatt on Monday, sort of where we stood, and I felt that

21  that report should still be made, given kind of the

22  multitude of things going on at this time with this case,

23  and especially where Mr. Mullan is not being brought to

24  court from the medical care facility for multiple

25  reasons, including the COVID pandemic.

9

Proceedings

1          THE COURT:  Okay.  Ms. Bartling, agreed,
2  disagree, something to add?
3          MS. BARTLING:  Agreed.  Agree with it all,
4  Judge, yes.
5          THE COURT:  Okay.  I think that makes sense,
6  and yeah, there is a statutory exclusion because
7  theoretically, if you're not competent, you can't waive
8  time, but of course the waiver of time is not only
9  knowing and voluntary in this case, but it's also a bit
10  sua sponte due to the emergency.  So it makes sense to at
11  least put it on the record in any event.
12          In terms of having conference in advance, once
13  a district judge is assigned, I think that makes sense.
14  That would probably be on you, Mr. Maffei to reach out
15  to the judge once you have one.
16          MR. MAFFEI:  Absolutely, your Honor.  I just
17  didn't know --
18          THE COURT:  I (indiscernible) --
19          MR. MAFFEI:  -- given that we don't have one,
20  if I would need to seek permission, or obviously if that
21  would just be a matter of course to let them know that
22  we're seeking a conference.
23          THE COURT:  I would think it would be -- it
24  will happen organically.  If for some reason, you're
25  concerned about time, well yeah, you can always go to the

10

Proceedings

1    miscellaneous judge, I am sure if you just need to have a

2    conference --

3              MR. MAFFEI:  Yes, Judge.

4              THE COURT:  -- for some reason to get an order.

5              The only other question I have for you, and you

6    can proceed however you decide, is do you want us to

7    schedule another status conference, just so that you're

8    on somebody's calendar, and we can always cancel it or do

9    you want to --

10             MR. MAFFEI:  Yeah, I would prefer that, Judge,

11   just because my thought is, and I guess Ms. Bartling

12   could say if she agrees or not, but I think once we get

13   that report back, depending on the findings, there may

14   need to be a finding made by a district court, so I think

15   we should keep it on some sort of a calendar, so-to-

16   speak.  Perhaps if we could get a mid-July date, and then

17   if we need to advance, because we get a report before

18   that, we would do that.

19             MS. BARTLING:  I (audio interference) --

20             THE COURT:  Okay, Ms. Bartling, what do you

21   say?

22             MS. BARTLING:  Yeah, that's fine with (audio

23   interference).

24             THE COURT:  Okay.  Kristin, what do we have in

25   the third week in July?

11

Proceedings

1    THE CLERK:  We can do -- is the last week okay?

2    MR. MAFFEI:  That's fine.

3    THE COURT:  Okay, what do we got?

4    MS. BARTLING:  I'm going to be unavailable --

5  I'm available the Thursday and Friday, if you're going to

6  do the last week, the 30th and 31st.  I don't know if you

7  are.

8    THE CLERK:  How about the 30th.

9    MS. BARTLING:  That's fine.

10   THE CLERK:  At noon?

11   MR. MAFFEI:  30th, at noon?

12   THE CLERK:  Uh-hum.

13   MR. MAFFEI:  That works for the government.

14   THE COURT:  At 12.

15   MS. BARTLING:  That's fine with me, as well.

16   THE COURT:  Okay.  All right.  So we'll speak

17 at the end of July.

18   MR. MAFFEI:  Thank you very much, your Honor.

19   THE COURT:  All right.  Have a good day

20 everybody.

21   MS. BARTLING:  Take care.

22             (Matter Concluded)

23                  -o0o-

24

25

12

# C E R T I F I C A T E

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **20th** day of **July**, 2020.

*Linda Ferrara*

Linda Ferrara

AAERT CET 656

Transcriptions Plus II, Inc.